IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TRACY WRIGHT                          :
                                      :          CIVIL ACTION
              v.                      :
                                      :          NO. 08-3593
ALLSTATE INSURANCE COMPANY            :


SURRICK, J.                                            DECEMBER 10, 2008

<u>MEMORANDUM & ORDER</u>

Presently before the Court is Defendant Allstate Insurance Company's Motion to

Remove the Instant Proceedings from the Arbitration Docket.  (Doc. No. 6.)  For the following

reasons, Defendant's motion will be denied.

I.      BACKGROUND

The Complaint asserts claims under a Standard Flood Insurance Policy ("SFIP"), 44

C.F.R. § 61, Appx. A, and the National Flood Insurance Act of 1968, codified as amended at 42

U.S.C. § 4001, *et seq.*, for an amount less than $150,000.  (*See* Doc. No. 1, Civil Cover Sheet p. 2,

Compl. p. 9.)  Because the amount at issue was less than $150,000, the suit was scheduled for

compulsory arbitration pursuant to Local Civil Rule 53.2.  (*See* Doc. No. 5; *see also* E.D. Pa. Civ.

R. 53.2(3)(A).)  In the instant motion, Defendant seeks to remove the case from arbitration.

Defendant argues that the claims made here are claims pursuant to a SFIP and are therefore

claims for U.S. Treasury Funds.  Defendant argues that under 42 U.S.C. § 4072 the United States

District Courts have original exclusive jurisdiction over disputes involving such claims and that

the Appropriations Clause of the Constitution prohibits courts from awarding claims against the

federal government except as specifically authorized by Congress.  Defendant concludes that

since Congress has empowered only district courts to hear such claims, this claim must be removed from arbitration.

## II.    DISCUSSION

Defendant's argument is based upon the unfounded conclusion that exclusive original jurisdiction precludes court-mandated arbitration.  Defendant admits that it "can find no cases directly on point" that substantiate such a conclusion.  (Doc. No. 6 at 6.)  Instead, Defendant states its "position and belief that the award would be unconstitutional in light of the Appropriations and Supremacy Clauses of the U.S. Constitution." (*Id.*)  Defendant argues that this is so because U.S. Treasury funds may not be "awarded in a manner not sanctioned by Congress . . . ." (*Id.* (*citing Flick v. Liberty Mutual Ins. Co.*, 205 F.3d 386 (9th Cir.), *cert. denied* 531 U.S. 927 (2000).)  We accept Defendant's proposition that SFIP claims are claims for U.S. Treasury funds.  (*See* Doc. No. 6 at 5-6 (*citing Van Holt v. Liberty Mutual Ins. Co.*, 163 F.3d 161, 165 (3d Cir. 1998).)  However, we do not agree with Defendant that allowing this case to proceed in arbitration would violate the Appropriations Clause.

Defendant relies on the Ninth Circuit's decision in *Flick*, 205 F.3d 386, for the proposition that § 4072's grant of original exclusive jurisdiction means that arbitration is impliedly prohibited by the statute through the Appropriations Clause.  *Flick* is easily distinguished.

In *Flick* the court did observe that:

> [t]he Appropriations Clause Prohibits the judiciary from granting any money claim against the federal government that is not authorized by statute.  That clause succinctly provides that "No Money shall be drawn from the Treasury, but in Consequence of Appropriations made by Law."  U.S. Const. art. I, § 9, cl. 9.  Its fundamental purpose is "to assure that public funds will be spent according to the letter of the difficult judgments reached by Congress as to the common good and not according to . . . the individual pleas of litigants."

*Flick*, 205 F.3d at 391 (*citing Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414 (1990) (citations omitted)).  However, the issue before the Ninth Circuit in *Flick* was whether the court should read a substantial compliance exception into a policy of the National Flood Insurance Program's ("NFIP's") strict compliance rule for proof of loss governing payment of losses from public funds.  *See Flick*, 205 F.3d at 389-90.  The NFIP policy required the appellant to submit a sworn proof of loss within 60 days of any flood loss, which the appellant did not do.  *See id.* at 389.  In denying the appellant's invitation to read a substantial compliance exception into the policy's strict compliance rule, the court reasoned that Congress imposed a strict compliance requirement on reporting loss and that modifying that requirement would run afoul of the Appropriations Clause.  *Id.* at 391.

Here, it is difficult to see how the scheduling of a trial in the court-mandated arbitration program runs afoul of the Appropriations Clause of the Constitution.  This is especially so when one considers the fact that either party can appeal from the decision of the arbitrators if they are dissatisfied.  The appellant in *Flick*, to the potential detriment of the public treasury, requested that the court interpret NFIP policies to expand her rights in a manner at odds with the plain language of those policies.  Having the instant case tried before a board of arbitrators will not expand Plaintiff's ability to obtain monetary relief from the U.S. Treasury.

Defendant also urges us to consider the appraisal clause of the SFIP, which "allows the parties to each appoint an appraiser and an umpire to resolve a dispute where *only* the amount of money to be paid to an insured is at issue and there is *no* disagreement between the parties as to the scope of coverage and the items to be included in the appraisal."  (Doc. No. 6 at 7 (emphasis in original).)  Defendant reasons that having a board of arbitrators resolve the dispute is

3

analogous to having appraisers and an umpire resolve a dispute.  (*Id.*)  Defendant cites no cases

supporting this interpretation of the appraisal clause, and we are aware of none.  Moreover, we

fail to see the analogy between appointing appraisers and arbitrators to determine damages only

and having a full trial before a board of arbitrators in court-annexed arbitration in federal court.

Finally, Local Rule of Civil Procedure 53.2(3)(A) lists four categories of suits that are

exempt from mandatory arbitration:  "(1) social security cases, (2) cases in which a prisoner is a

party, (3) cases alleging a violation of a right secured by the U.S. Constitution, and (4) actions in

which jurisdiction is based in whole or in part on 28 U.S.C. § 1343."  E.D. Pa. Civ. R. 53.2(3)(A).

Claims under the National Flood Insurance Act are not mentioned.  If arbitration posed the

constitutional threat that Defendant argues one would expect that this threat would be addressed

in either the exemptions set forth in Rule 53.2 or the express language of § 4072.  It is not.

We are satisfied that § 4072's grant of original exclusive jurisdiction means that the NFIP

claims are to be resolved by federal and not state courts.  *Cf. BAE Sys. Aircraft Controls, Inc. v.

Eclipse Aviation Corp.*, 224 F.R.D. 581, 590 (D. Del. 2004) (granting defendant's motion to stay

proceedings pending arbitration where court had "original and exclusive jurisdiction" over

claims).  Defendant cites no authority that suggests that Congress intended the statutory grant of

original exclusive jurisdiction to modify federal court procedures regarding arbitration.  In the

absence of any such authority, we will allow the arbitration process to proceed as mandated by

the Local Civil Rules.

An appropriate Order Follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


TRACY WRIGHT                          :
                                      :          CIVIL ACTION
            v.                        :
                                      :          NO. 08-3593
ALLSTATE INSURANCE COMPANY            :


**ORDER**


AND NOW, this ___10th___ day of December, 2008, upon consideration of Defendant's

unopposed Motion to Remove the Instant Proceedings from the Arbitration Docket (Doc. No. 6), it

is ORDERED that the motion is DENIED.

IT IS SO ORDERED.

                              BY THE COURT:


                              _____
                              R. Barclay Surrick, J.